THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JESUSITA LOPEZ AND ARTHUR LOPEZ, § | |
| § | |
| PLAINTIFFS, § | |
| § | CIVIL ACTION NO. 5:17-CV-926 |
| VS. § | |
| § | |
| EVANSTON INSURANCE COMPANY AND § | |
| TIM MCDONALD, § | |
| § | |
| DEFENDANTS. § | |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendants Evanston Insurance Company and Tim McDonald hereby remove the action styled and numbered, *Jesusita Lopez and Arthur Lopez v. Evanston Insurance Company and Tim McDonald*, 2017CV04325, currently pending in the County Court At Law No. 3, Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

### I. THE STATE COURT ACTION

1. On August 10, 2017, Jesusita Lopez and Arthur Lopez ("Plaintiffs") filed their Original Petition in Cause No. 2017CV04325 against Defendants.

### II. DEFENDANTS' NOTICE OF REMOVAL IS TIMELY

2. Evanston was served with the Original Petition and citation on August 21, 2017.[1] Accordingly, Evanston files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

---

[1] The Plaintiffs attempted to serve Evanston via the Commissioner of the Texas Department of Insurance. A letter to Evanston states that the Commissioner was served on August 21, 2016. This is clearly a mistake given that the

3.      Tim McDonald has not been formally served, but has filed an answer in the lawsuit.

### III.  VENUE IS PROPER

4.      Venue is proper in the United States District Court for the Western District of Texas, San Antonio Division, under 28 U.S.C. §§ 124(a)(5) and 1441(a) because this district and division embrace the place in which the removed action has been pending.

### PARTIES

### IV.  BASIS FOR REMOVAL JURISDICTION

5.      Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in a state court and the federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332. Specifically, removal is proper because there is now, and was at the time this action was filed, complete diversity of citizenship between all Plaintiffs and all Defendants.

6.      Plaintiffs are Texas residents who reside in Bexar County, Texas. Therefore, for the purposes of diversity citizenship, Plaintiffs are each a citizen of the State of Texas.

7.      Evanston Insurance Company is a citizen of the state of Illinois with its principal place of business in Illinois. Therefore, for the purposes of diversity citizenship, Evanston is not a citizen of the State of Texas.

8.      Tim McDonald, the other named defendant, is a resident of Virginia and is a citizen of Virginia. Therefore, for purposes of diversity citizenship, McDonald is not a citizen of Texas.

9.      Accordingly, there is now, and was at the time this action was filed, complete diversity between all plaintiffs and all defendants.

---

suit was not filed until August 10, 2017. Upon information and belief, the Commissioner was served on August 21, 2017.

## V.  AMOUNT IN CONTROVERSY

10. If it is facially apparent that Plaintiffs' claims exceed the jurisdictional amount, Evanston's burden is satisfied.[2]

11. In their Original Petition, Plaintiffs seek "monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees."[3]

12. Therefore, it is apparent that Plaintiffs' claims in their Original Petition exceed the amount required to support federal jurisdiction.

13. Plaintiffs' Original Petition also insists that the damages they seek "will not exceed $75,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees."[4]

14. "When [a] removing defendant shows that amount in controversy actually exceeds federal jurisdictional amount, plaintiff's required showing, to prevent removal, that it is certain that he will not be able to recover more than damages prayed for in state court complaint below the jurisdictional amount, can be met by showing state procedural rules binding plaintiffs to their pleadings; otherwise, plaintiff seeking to prevent removal must file binding stipulation or affidavit with complaint; once defendant has removed, later filings are irrelevant."[5]

15. It is apparent that Plaintiffs' claims in their Original Petition exceed the jurisdictional amount.[6]

---

[2]  *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1999).

[3]  *See* Plaintiffs' Original Petition, attached as Exhibit D, page 24, paragraph 99.

[4]  *See Id* at page 2, paragraph 5; *see also* Plaintiffs' Original Petition, attached as Exhibit D, "Binding Stipulation".

[5]  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[6]  *See* Plaintiffs' Original Petition, attached as Exhibit D, page 1, paragraph 3.

Case 5:17-cv-00926-OLG   Document 1   Filed 09/20/17   Page 4 of 6


16.     Plaintiffs have also provided an estimate of damage totaling $40,400.43[7] and is seeking treble damages under the Texas Insurance Code, in addition to other penalties and attorneys' fees.[8]

17.     Additionally, the "Binding Stipulation" attached to the plaintiffs' original petition does not qualify as a binding stipulation, as the parties have not agreed to the terms of the attachment.[9]

18.      Furthermore, the "Binding Stipulation" attached to the plaintiff's original petition does not qualify as an affidavit as the document is neither notarized nor does it contain the signature of either plaintiff, merely the plaintiffs' counsel.[10]

## VI.  EXHIBITS

19.     Essex files this Notice of Removal, accompanied by the following exhibits:

    a.     Index of Matters Being Filed, attached hereto as ***Exhibit A***

    b.     The State Court Docket Sheet, attached hereto as ***Exhibit B***

    c.     Service of Process, attached hereto as ***Exhibit C***

    d.     Plaintiffs' Original Petition, attached hereto as ***Exhibit D***

    e.     Defendants' Original Answer, attached hereto as ***Exhibit E***

    f.     List of All Counsel of Record, attached hereto as ***Exhibit F***

    g.     Plaintiffs' Estimate of Damage, attached hereto as ***Exhibit G***

---

[7]  *See* Plaintiffs' Estimate of Damage, attached as Exhibit G.

[8]  *See* Plaintiffs' Original Petition, attached as Exhibit D, page 25

[9]  *See Cantu v. Allstate Vehicle*, 7:16-CV-084, 2016 WL 1695284, at *3 (S.D. Tex. Apr. 28, 2016) (noting that "first and foremost," in consideration of a binding stipulation, the parties had not actually signed a stipulation limiting the amount of damages).

[10]  *See* Plaintiffs' Original Petition, attached as Exhibit D, "Binding Stipulation".

## VII.  JURY DEMAND

20. Plaintiffs demanded a jury in the state court action.

## VIII.  CONCLUSION

21. The Defendants will promptly file a copy of this Notice of Removal with the clerk of the state court where the action is pending.

22. Therefore, Defendants hereby provide notice that this action is duly removed.

Respectfully submitted,

Z<small>ELLE</small> **LLP**

By: _/s/ Todd M. Tippett_
   Todd M. Tippett
   Texas Bar No. 24046977
   TTippett@zelle.com

901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone:   214-742-3000
Facsimile:   214-760-8994

**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of this Notice of Removal has been served this 20th day of September 2017, by electronic filing as follows:

    J. Gabriel Ortiz
    gortiz@phippsllp.com
    rsoliz@phippsllp.com
    **PHIPPS, LLP**
    102 9th Street
    San Antonio, TX  78215

    **ATTORNEY FOR PLAINTIFF**

                                            */s/ Todd M. Tippett*
                                                Todd M. Tippett